UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                    No. **CR 04-2537 MCA**

**VICTOR MANUEL TORRES-CASTRO**,

      Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Victor Manuel Torres-Castro's *Motion in Limine* [Doc. No. 32] filed on April 26, 2005. The Court heard arguments from counsel on this motion at the Call of the Calendar on May 5, 2005, and at the status conference on May 9, 2005. Having reviewed the parties' written submissions and oral arguments, the relevant law, and being fully advised in the premises, the Court grants Defendant's motion in part and denies Defendant's motion in part for the reasons set forth below.

**I.     BACKGROUND**

Defendant Torres-Castro is charged in a *Superseding Indictment* [Doc. No. 21] with one count being an illegal alien in possession of a firearm or ammunition and one count of possessing an unregistered firearm. Both counts arise from the discovery of a sawed-off shotgun during an investigation conducted by officers of the Albuquerque Police Department (APD) and an agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF) at Defendant's residence in Albuquerque, New Mexico, on or about December 4, 2004. Further details

about that investigation are provided in the *Memorandum Opinion and Order* [Doc. No. 29] denying *Defendant's Motion to Suppress Evidence* [Doc. No. 15].

Defendant has filed a *Motion in Limine* [Doc. No. 32] seeking to exclude evidence concerning alleged other crimes, wrongs, or acts that prompted, or were discovered during, the officers' and agent's investigation on or about December 4, 2004. In particular, Defendant seeks to exclude testimony or other evidence concerning "allegations by a fourteen-year old female that she had sex with the defendant who is an adult," and his "statements that he had the firearm for his protection in relation to selling drugs." [Doc. No 32, at 1-2.] Defendant claims that testimony or other evidence on these topics is inadmissible under Fed. R. Evid. 401 and 403 because it has no relevance to the charges at issue in this case and would therefore be unfairly prejudicial and confusing to the jury.

The Government opposes Defendant's motion. [Doc. No. 38.] According to the Government, information concerning the officers' reasons for conducting their investigation at Defendant's residence on or about December 4, 2004, as well as the reasons Defendant gave for possessing the firearm during his statement to the ATF agent, are admissible on the grounds that such information is *res gestae* evidence and is probative of some of the essential elements of the offenses with which Defendant is charged, namely that he is an illegal alien who knowingly possessed the firearm and knew its characteristics.

## II.    ANALYSIS

Trial courts generally are vested with broad discretion regarding evidentiary rulings on motions in limine. See generally United States v. Wagoner County Real Estate, 278 F.3d

1091, 1099 (10th Cir. 2002). In particular, "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae--'as part and parcel of the proof of the offense [ ] charged in the indictment.'" United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995) (quoting United States v. Gano, 560 F.2d 990, 993- 93 (10th Cir.1977)). It is not always possible, however, to establish a "bright line" that separates such *res gestae* evidence from evidence admissible for other purposes specified in Fed. R. Evid. 404(b). Kimball, 73 F.3d at 272 (citing United States v. Cook, 745 F.2d 1311, 1318 (10th Cir.1984)).

Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admitted, however, to establish motive, intent, knowledge, preparation, plan, identity, and absence of mistake or accident. See id.; United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000); United States v. Johnson, 42 F.3d 1312, 1315 (10th Cir. 1994).

Fed. R. Evid. 404(b) also requires "reasonable notice" of the general nature of any evidence the Government seeks to introduce under this rule. Under the particular circumstances of this case, however, I find that the Government has provided reasonable notice and is excused from the fourteen-day notice requirement stated in the trial-preparation instructions attached to the *Notice of Jury Selection and Trial.* [Ex. 1 to Doc. No. 30.] Until recently, the parties anticipated that a plea agreement would make a trial unnecessary, as reflected in Defendant's most recent *Motion to Continue Trial Setting* [Doc. No. 31] filed on April 25, 2005. Although I have indicated my willingness to schedule a change-of-plea

3

hearing in advance of the pending trial date (thereby making it unnecessary to grant an additional continuance for the reasons stated in Defendant's motion), Defendant has now decided not to change his plea.  In light of this recent development, it is understandable that counsel could not meet the fourteen-day deadline specified in the Court's trial-preparation instructions.

To determine whether evidence is admissible for one of the purposes stated in Fed. R. Evid. 404(b), the Court applies the four-part test articulated by the Supreme Court in Huddleston v. United States, 485 U.S. 681, 691-92 (1988).  This test requires that:

> (1) the evidence must be offered for a proper purpose;  (2) the evidence must be relevant;  (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice;  and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

Zamora, 222 F.3d at 762 (quoting United States v. Roberts, 185 F.3d 1125, 1141 (10th Cir.1999)).

In this case, the Government asserts that testimony concerning the reasons for the APD officers' investigation at Defendant's residence on or about December 4, 2004, as well as the reasons he gave for possessing the firearm during his statement to the ATF agent, is relevant and admissible for the purpose of showing Defendant's motive, knowledge, plan, and absence of mistake or accident with respect to the firearms and ammunition allegedly found in his possession. According to the Government, some mention of these topics is also admissible as *res gestae* evidence because it is "inextricably intertwined" with other evidence concerning the firearms charges, such that the jury would be left with an incomplete and

confusing picture of what transpired between Defendant and the officers if this evidence were excluded.

I determine that evidence concerning Defendant's knowledge, possession, or use of the firearm and ammunition, as well as his status as an illegal alien, is relevant and conditionally admissible as *res gestae* evidence or under Fed. R. Evid. 404(b) for the purpose of proving the elements of the crimes charged in the *Superseding Indictment* and showing Defendant's motive, knowledge, plan, and lack of mistake or accident with respect to the firearms and ammunition allegedly found in his possession. Such testimony is offered for a proper purpose under the following circumstances.

First, evidence concerning Defendant's statements to the ATF agent and the APD officers as it relates directly to the firearm and ammunition is relevant and probative of whether he knowingly possessed these items and knew of the firearm's characteristics. Second, testimony that Defendant knowingly possessed the firearm or ammunition on a previous occasion, or had used or referred to the firearm in threatening the juvenile or anyone who attempted to take her away from him, is relevant because it serves to corroborate his statements to the officers and may serve to quell doubts about whether he was aware that these items were in his possession, whether they belonged to someone else, and whether his possession of them at the time of the officers' investigation was accidental or mistaken. Evidence that directly relates to these topics is also inextricably intertwined with the other evidence concerning the officer's discovery of the firearm and ammunition insofar as the officers were relying on reports about Defendant's possession and threats to use a firearm

as one of their reasons for conducting a protective sweep and asking Defendant if he had any weapons during their investigation at his residence on or about December 4, 2004.

Finally, statements attributed to Defendant in which he acknowledged his status as an illegal alien are, of course, probative because his alienage is an essential element of one of the crimes with which he is charged in the *Superseding Indictment*. At this point, the parties have not stipulated as to that element.

Thus, insofar as the testimony or evidence in question directly relates to Defendant's status as an illegal alien, or to his knowledge, possession, or use of the firearm and ammunition, it is relevant under Fed. R. Civ. P. 401 and falls within permissible purposes under Fed. R. Civ. P. 404(b). The anticipated evidence regarding these topics is not substantially outweighed by the danger of unfair prejudice or other considerations listed in Fed. R. Evid. 403. In addition, I will offer to provide a limiting instruction, with input from counsel, in order to mitigate the potential for unfair prejudice or juror confusion occasioned by the admission of such evidence.

At the status conference on May 9, 2005, the parties entered into a stipulation regarding the APD officers' reasons for entering Defendant's residence and questioning him on or about December 4, 2004. The parties' stipulation accords with my ruling above and will be read to the jury during the Government's case-in-chief.

In addition, the Government indicates that it may call the juvenile to testify at trial concerning her observation of the firearm in Defendant's bedroom on a previous occasion. While such limited testimony by the juvenile is relevant and offered for a proper purpose,

and may be admitted, I will not allow such testimony to serve as a pretext for conducting a "mini-trial" detailing every crime, wrong, or act that Defendant may have committed during the course of his relationship with the juvenile or her family. Unless it is properly limited in scope, such evidence could shift the focus of attention of the jury to other matters not legally relevant to the question of Defendant's guilt on the pending charges.

In particular, the Government has not demonstrated sufficient grounds for introducing evidence that the Defendant's relationship with the juvenile involved illicit sexual behavior, especially given the parties' stipulation that the officers had a legitimate reason to be at his residence to conduct a "knock and talk" visit with him. Evidence concerning this alleged illicit sexual behavior also is not necessary to explain why the officers conducted a protective sweep of the residence or asked Defendant about weapons because, in and of itself, the fact that Defendant engaged in such behavior with the juvenile does not have anything to do with his possession of a weapon or other officer-safety concerns.

At the status conference on May 9, 2005, I also identified certain portions of Defendant's statement to the ATF agent that are not admissible in the Government's case-in-chief because they concern his involvement in selling or possessing drugs and have almost nothing to do with the crimes charged in this case. The *Superseding Indictment* does not charge Defendant with any drug-related crimes, and I find that the link between such other crimes and the firearms charges at issue in this case is too attenuated to warrant admission under Fed. R. Evid. 404(b) and 403. Taken in context, the portions of Defendant's statement to the ATF agent regarding possible drug crimes are not necessary to establish his knowing

possession of the firearm or his knowledge of the firearm's characteristics because he clearly admits these elements in other portions of his statement. Thus, the probative value of the drug-related portions of the statement is very minimal and is substantially outweighed by its unfairly prejudicial effect on the jury.

These rulings are, of course, subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. If, for example, Defendant testifies or attempts to impeach other witnesses in a manner that calls into question the officers' reasons for their conduct at his residence, as he did at the suppression hearing, then the door may be opened to additional evidence on this topic in rebuttal.

### III.   CONCLUSION

For the foregoing reasons, I will admit testimony concerning Defendant's status as an illegal alien, and his knowledge, possession, or use of the firearm or ammunition, under the conditions specified above. Subject to these conditions, I will not admit testimony or other evidence in the Government's case-in-chief concerning whether Defendant engaged in illicit sexual behavior with the juvenile, or concerning Defendant's statements about his involvement in selling or possessing drugs.

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion in Limine* [Doc. No. 32] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**SO ORDERED** this 9th day of May, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE